IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERGIO GANDARA, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:16-CV-0818-D |
| VS. | § | |
| | § | |
| WAL-MART ITS ASSUMED NAME | § | |
| OR COMMON NAME INCLUDING | § | |
| WAL-MART STORES TEXAS L.P., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action brought by *pro se* plaintiffs Sergio Gandara ("Sergio") and Kambree Gandara, defendant Wal-Mart Stores Texas, LLC ("Wal-Mart")[1] moves for summary judgment. Plaintiffs have not responded to the motion, and the court now grants it for the reasons that follow.[2]

This a removed lawsuit arising from an incident in which Sergio suffered personal injuries at a Wal-Mart store after he picked up a BB gun to test its pressure, pulled the trigger, and shot himself in the right hand. In their state court petition, plaintiffs allege claims for negligence and gross negligence. Wal-Mart moves for summary judgment.

When, as here, a summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any

---

[1] Wal-Mart maintains that this is its correct name.

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

essential element of the nonmovants' claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant does so, the nonmovants must go beyond their pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovants. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovants' failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovants fails to meet this burden. *Little*, 37 F.3d at 1076.

Wal-Mart has pointed in its motion to the absence of evidence to support plaintiffs' claims. *See* D. Br. 3-9.[3] The burden has therefore shifted to plaintiffs to present evidence that creates a genuine issue of material fact. Plaintiffs have not responded to Wal-Mart's motion.[4] Although their failure to respond does not permit the court to enter a "default" summary judgment, *see, e.g., Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to [its] unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

---

[3]Wal-Mart refers to its summary judgment motion as a "no-evidence" motion. D. Br. 1. While this is conceptually correct, the term "no-evidence" summary judgment motion is used in Texas state procedure, not federal procedure. *See* Tex. R. Civ. P. 166a(i).

[4]Wal-Mart filed its motion on February 1, 2017. Plaintiffs' response was due by February 22, 2017. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).  Plaintiffs' *pro se* status does not excuse their failure to respond to Wal-Mart's motion.  As the court stated in *Bookman*:

> There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention.  It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment.  All summary judgment nonmovants shoulder the same obligation.  District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties.  This can be accomplished, however, without excusing them from the most basic requirement that they file a response.

*Bookman*, 945 F. Supp. at 1005.

Because Wal-Mart has pointed to the absence of evidence to support plaintiffs' claims and plaintiffs have not produced evidence in response to Wal-Mart's motion, Wal-Mart is entitled to summary judgment dismissing plaintiffs' action with prejudice.

\* \* \*

Accordingly, Wal-Mart's February 1, 2017 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

March 16, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE